UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERFORACIONES MARITIMAS MEXICANAS S.A. de C.V. and CERTAIN REINSURING UNDERWRITERS SUBSCRIBING TO REINSURANCE CONTRACT NO. AHE-030044 AS AMENDED TO NO. AHE-04004, | § § § § § § § § | |
| Plaintiffs, | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:05-cv-419 (ADMIRALTY) |
| SEACOR HOLDINGS, INC., GRUPO TMM S.A. de C.V., and MARITIMA MEXICANA S.A. de C.V., | § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Second Opposed Motion for Reconsideration of the Order Granting Plaintiffs' Opposed Motion and Notice to Apply Article 1913 of the Mexican Civil Code ("Article 1913 Order"). For the following reasons, Defendant's motion, Docket No. 196, is **DENIED**.

Defendants point out that they filed a First Supplement to Their Response to Plaintiffs' Opposed Motion and Notice to Apply Article 1913 of the Mexican Civil Code and Plaintiffs' Supplement Thereto ("Supplement") on the same date that the Predecessor Court filed the Order Granting Plaintiffs' Opposed Motion to Apply Article 1913 of the Mexican Civil Code ("Article 1913 Order"), and they express concern that the Predecessor Court may not have considered said Supplement before reaching its decision.

The argument contained in the Supplement is the same as one of the arguments contained in Defendants' Response, and the Predecessor Court addressed that argument in its Article 1913 Order. (Article 1913 Order 2.) Attached to the Supplement was an affidavit by Defense Expert Dr. Ignacio Melo. Dr. Melo stated that he disagreed "with the Court's assessment that the limitation of liability laws of Mexico are procedural," and that it "is not appropriate or possible to divide the nature of the liability laws of Mexico." (Supp. Ex. 1.) While the Court respects Dr. Melo's credentials and credibility, the Supplement provides no substantive reasons justifying reconsideration of the Article 1913 Order.

Although this issue was not raised before the Predecessor Court, Defendants now argue that Plaintiffs' request that the Court apply Article 1913 of the Mexican Civil Code should be denied because Plaintiffs have no pleadings on file to support a claim for strict liability.[1] Article 1913 of the Federal Civil Code of Mexico is a strict liability provision that establishes liability if an individual "employs mechanisms, instruments, equipment, or substances which by themselves are dangerous" unless the defendant "can prove that the damage was caused by the fault or inexcusable negligence of the victim." Plaintiffs' Original Complaint included a claim for strict liability and explicitly referenced Article 1913 of the Mexican Civil Code. (Docket No. 1.) Plaintiffs' Amended Complaint—the live pleading in this lawsuit—asserts only claims for negligence, gross negligence, and breach of Defendants' implied warranty that the ISLA AZTECA was seaworthy. (Docket No. 61.) Plaintiffs have not explained why they removed this cause of action in their

---

[1] The Court notes that a motion for reconsideration generally should not "be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). The Court will, however, address the merits of Defendants' argument.

Amended Complaint. After Plaintiffs filed their Amended Complaint, the Predecessor Court determined that Mexican substantive law would apply to this lawsuit. (Docket No. 139.)

The Federal Rules of Civil Procedure provide that "A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing." FED. R. CIV. P. 44.1. The Advisory Committee Notes clarify that foreign law "may, but need not be, incorporated in the pleadings." FED. R. CIV. P. 44.1, Advisory Committee Notes, 1966 Amendment. Although the facts of this case are somewhat unique in that Plaintiffs apparently were aware of the possible relevance of foreign law at the outset, the Rule is stated in permissive terms, and "carefully avoids stating any time limit for interposing the notice." 9 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & BRUCE BROMLEY, FEDERAL PRACTICE & PROCEDURE § 2443. Plaintiffs did file a written notice seeking the application of Article 1913 to this dispute well before trial, and therefore complied with the requirements of FED. R. CIV. P. 44.1.

Although it will not reconsider the Predecessor Court's decision that Article 1913 is applicable, the Court wishes to stress an important clarification made by the Predecessor Court in that Order. The Predecessor Court emphasized:

> [T]he Court makes no determination *at this point* regarding Plaintiffs' allegations that Defendants' vessel is considered "inherently dangerous" under Article 1913. If the Parties desire the Court to make a legal determination regarding this issue, both Parties should submit more briefing. The Court, while perfectly capable of interpreting Mexican law, will not make a decision that could dramatically impact the outcome of this case without being certain that it has been thoroughly briefed by both Parties regarding how this statute is applied in Mexico.

(Article 1913 Order 3 (emphasis in original).) Thus, while the Predecessor Court determined that Article 1913 of the Mexican Civil Code was substantive law and would

therefore apply pursuant to its earlier Order (Docket No. 139), it made no determination that Plaintiffs had actually stated a strict liability claim. This Court agrees that further briefing would be necessary in order to reach such a conclusion.

**IT IS SO ORDERED.**

SIGNED this 24th day of March, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE