UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PERFORACIONES MARITIMAS MEXICANAS S.A. de C.V. and CERTAIN REINSURING UNDERWRITERS SUBSCRIBING TO REINSURANCE CONTRACT NO. AHE-030044 AS AMENDED TO NO. AHE-04004, <br><br>Plaintiffs, <br><br>v. <br><br>SEACOR HOLDINGS, INC., GRUPO TMM S.A. de C.V., and MARITIMA MEXICANA S.A. de C.V., <br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:05-cv-419 <br> (ADMIRALTY) |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Second Motion for Reconsideration of Order on Defendant's Motion to Dismiss; Or In the Alternative First Opposed Motion for Reconsideration of Order Denying Defendant's Request for Certification and Motion for Expedited Consideration. Also pending before the Court is Defendant's request, made at an April 25, 2005 hearing, to bifurcate the trial in this case. Defendants' Motion, Docket No. 246, is **DENIED**. Defendant's request to bifurcate is **GRANTED**.

Defendants have not provided new arguments or evidence that justify a second reconsideration of the Predecessor Court's decision not to dismiss this for lack of subject matter jurisdiction or on grounds of forum non conveniens and international comity. Nor will the Court reconsider its decision not to certify this question for interlocutory appeal.

The Court does believe, however, that bifurcation of the bench trial set for May 5, 2008 is convenient, would serve to expedite and economize this case, and is in the interest of justice. *See Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998); FED. R. CIV. P. 42(b)) (the Court may order a separate trial "for convenience, to avoid prejudice, or to expedite and economize."); 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2388 ("The major consideration, of course, must be which procedure is more likely to result in a just and expeditious final disposition of the litigation."). The question of bifurcation is "a matter left to the sound discretion of the trial court on the basis of the circumstances of the litigation before it" and a motion to bifurcate "is not subject to any particular time constraint." WRIGHT & MILLER § 2388. Although bifurcation is an exception to the normal rule of trial procedure, this case involves exceptional circumstances that justify dividing the trial into a liability and damages phase. Among other things, bifurcation will allow the Fifth Circuit to decide with finality any questions regarding the exercise of jurisdiction over Defendants and the Court's interpretation and application of Mexican law in the liability phase before parties and the Court must incur the additional time and cost that will be required to litigate damages.[1]

Defendants' Motion for Reconsideration is therefore **DENIED**, and Defendants' request to bifurcate is **GRANTED**.

**IT IS SO ORDERED.**
SIGNED this 29th day of April, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] This case requires the Court to interpret and apply Mexican law, and parties dispute issues as basic as the standard of proof that should apply in the case. It appears that some of these questions, including the standard of proof, may have the greatest bearing in the damages phase of the trial. Parties agree that the bulk of this lawsuit will be devoted to damages.