UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PERFORACIONES MARITIMAS MEXICANAS S.A. de C.V. and CERTAIN REINSURING UNDERWRITERS SUBSCRIBING TO REINSURANCE CONTRACT NO. AHE-030044 AS AMENDED TO NO. AHE-04004,<br><br>Plaintiffs,<br><br>v.<br><br>SEACOR HOLDINGS, INC., GRUPO TMM S.A. de C.V., and MARITIMA MEXICANA S.A. de C.V.,<br><br>Defendants. | CIVIL ACTION NO. 4:05-cv-419<br>(ADMIRALTY) |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion for Reconsideration of Order on Defendants' Opposed Motion and Notice to Apply Mexican Law and Order Granting Plaintiffs' Motion and Notice to Apply Article 1913 of the Mexican Civil Code. For the following reasons, Defendants' Motion, Docket No. 239, is **DENIED**.

### I. BACKGROUND

On May 10, 2007, the Predecessor Court ruled that Mexican substantive law would apply to this case, but also determined that the Mexican limitation of liability law was procedural and did not apply. On July 26, 2007, the Predecessor Court ruled that Article 1913 of the Mexican Civil Code was substantive law and would, therefore, apply to the case. This Court declined to reconsider the Predecessor Court's Order on Article 1913 on March 25, 2008.

Defendants argue that newly discovered evidence requires reconsideration of the prior orders regarding the application of Mexican law. Defendants point to legislation recently proposed by a Mexican Congressman and Draft Guidelines issued by an international sub-committee of the Comité Maritime International on Procedural Rules relating to the Limitation of Liability in Maritime Law. Defendants contend that these documents provide clear evidence that the Mexican limitation of liability law should be considered the substantive law of Mexico.[1]

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) allows the Court to reconsider "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." FED. R. CIV. P. 54(b); *see also Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 208 F. Supp. 2d 687, 688 (S.D. Tex. 2001). A motion to reconsider should "clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)).

The doctrine of the law of the case and the principle of judicial comity are also relevant to the Court's reconsideration of an order issued by a predecessor judge. "[W]hen a district judge has rendered a decision in a case, and the case is later transferred to another judge, the successor should not ordinarily overrule the earlier decision." *Loumar*, 698 F.2d at 762 (citing 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL

---

[1] Mexico has ratified the1976 Convention on Limitation of Liability in Maritime Claims; the Convention was incorporated into the 1994 Mexican Navigation Act.

PRACTICE & PROCEDURE § 4478 (1981)). However, neither the law of the case doctrine nor the principle of judicial comity "is . . . a barrier to the correction of judicial error," *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983); *see also Gallimore v. Missouri Pac. R. Co.*, 635 F.2d 1165, 1172 (5th Cir. 1981) (noting that judicial comity "should give way, if the need should arise, to the interests of justice and economy when those interests would be flouted by rigid adherence to the rule"), and the Court retains discretionary authority to reconsider a predecessor judge's decision, *see Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815-18 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'"); *Loumar*, 698 F.2d at 762 (noting a successor judge's "bountiful discretion" in reviewing a predecessor judge's work, but cautioning "A judge should hesitate to undo his own work. Still more should he hesitate to undo the work of another judge. But until final judgment or decree there is no lack of power, and occasionally the power may properly be exercised." (citing *Peterson v. Hopson*, 29 N.E.2d 140, 144 (Mass. 1940)); *Abshire v. Seacoast Products, Inc.*, 668 F. 2d 832, 837-38 (5th Cir. 1982) ("The successor judge has the same discretion as the first judge to reconsider the order.").

### III.  ANALYSIS

The Court must first agree with Plaintiffs that Defendants' motion comes exceptionally late. *See, e.g., Vlasek v. Wal-Mart Stores, Inc.*, No. H-07-0386, 2008 WL 167082, at *1 (S.D. Tex. Jan. 16, 2008) ("Motions to reconsider interlocutory orders are left to the court's discretion so long as not filed unreasonably late.") The motion, which

addresses a rather complicated area of law, became ripe less than two weeks before trial and almost a year after the Predecessor Court entered its Order.

Furthermore, the new evidence provided by Defendants does not demonstrate that the Predecessor Court's decision was clearly erroneous. Defendants admit that the proposed legislation does not represent an authoritative determination by the Mexican courts or legislature that the limitation law is substantive. The Draft Guidelines on the Procedural Rules Relating to Limitation of Liability in Maritime Law promulgated by an International Sub-Committee of the Comité Maritime International does provide some evidence that individuals intimately familiar with the 1976 Convention consider its provisions to be substantive. *See, e.g.*, Draft Guidelines, § 6.1.(b); § 7.1.(a). The Court also admits that there is a logical appeal to Defendants' expert's argument that the Mexican limitation law, which determines the extent to which a shipowner is liable for a maritime casualty, could be considered substantive law. Nevertheless, Defendant's new evidence does not demonstrate that the Predecessor Court clearly erred when holding that the Mexican limitation law is not substantive as defined by the Supreme Court in *Black Diamond S. S. Corp. v. Robert Stewart & Sons (The Norwalk Victory)*, 336 U.S. 386, 396-397 (1949).[2] Defendants' new evidence does not render that analysis clearly erroneous.

---

[2] It is possible that the problem lies with *The Norwalk Victory* itself. As one treatise writer explains:

> [T]he substantive-procedural distinction [set forth in Norwalk Victory] has been a source of confusion in limitation cases. The distinction has superficial appeal, but upon analysis it fails to be of much use. . . . [T]he court misconceived the nature of limitation of liability law relating to shipowners. The limitation statute in whatever country never creates tort or other liability; the creation of the duty that results in liability always proceeds from some other statutory or common law right. In other words, a limitation statute, whether under American law or foreign law, does not impose liability, it merely limits liability. Thus, it is difficult to imagine a case in which the 'limitation attaches to the right.'

### III. CONCLUSION

Defendant's Motion, Doc. No. 239, is therefore **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this  1st  day of May, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

SCHOENBAUM ON ADMIRALTY §15-3; *see also* GILMORE AND BLACK, THE LAW OF ADMIRALTY 941-42 (calling *The Norwalk Victory* "an extraordinarily obscure opinion" and referring to its language regarding the substantive and procedural nature of limitations laws as "Justice Frankfurter's baffling hypotheses."); Craig H. Allen, *Limitation of Liability*, 31 J. MAR. L. & COM. 263, 276 (2000) ("Most would agree that Justice Holmes' lex fori choice of law rule in *The Titanic*, and the enigmatic 'attaches-to-the-right' gloss added by Justice Frankfurter in *The Norwalk Victory*, will poorly serve the needs of international maritime litigation in the 21st century and should be replaced with the modern *Lauritzen-Rhoditis* admiralty choice of law approach."); Ruth L. Rickard, *A New Role for Interest Analysis in Admiralty Limitation of Liability Conflicts*, 21 TEX. INT'L L.J. 495, 511 (1984) ("The Norwalk Victory's substance/procedure test provides no helpful principles to guide choice of limitation law, without offering even a scrap of efficiency to commend it.").