# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| PERFORACIONES MARITIMAS MEXICANAS S.A. de C.V. and CERTAIN REINSURING UNDERWRITERS SUBSCRIBING TO REINSURANCE CONTRACT NO. AHE-030044 AS AMENDED TO NO. AHE-04004, | § § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:05-cv-419 (ADMIRALTY) |
| SEACOR HOLDINGS, INC., GRUPO TMM S.A. de C.V., and MARITIMA MEXICANA S.A. de C.V., | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel Defendants to Respond to Plaintiffs' First Request for Production and Opposed Motion for Sanctions. For the following reasons, Plaintiffs' Motion, Doc. No. 293, is **DENIED**.

## I.      BACKGROUND

### A.      Procedural History

Plaintiffs filed this suit on July 28, 2005 in the Galveston Division of the Southern District of Texas. The lawsuit was reassigned to this Court on October 26, 2007.

On July 21, 2006, the Predecessor Court denied Defendants' motion to dismiss on *forum non conveniens*, principles of international comity, and for lack of subject matter jurisdiction. In November 2006, the Fifth Circuit dismissed Defendants' interlocutory appeal of that Order, finding that the Order did not determine the parties' substantive rights and liabilities. *See*

*Perforaciones Exploración y Producción et al. v. Grupo TMM S.A. et al.*, No. 6-41228 (5th Cir. Nov. 30, 2006). In January 2008, Defendants asked this Court to reconsider the Predecessor Court's July 2006 Order, and the parties provided extensive briefing on the matter, which included the question of subject matter jurisdiction. The Court denied Defendant's Motion on March 24, 2008.

In April 2008, the Court considered additional briefing and testimony presented at an evidentiary hearing regarding questions of Mexican law. The Court conducted a bench trial on May 5th and 6th, and parties provided post-trial briefing in late May and June 2008. At Plaintiffs' request, the Court permitted both parties to submit additional evidence and briefing in June 2008.

### B. Plaintiffs' Discovery Request

The discovery deadline in this case was January 18, 2008. The Court allowed the parties to take certain additional depositions subsequent to that deadline, but before the Court considered Defendant's Motion to Reconsider.

In April 2006, Plaintiffs filed Requests for Production, asking Defendants to produce all documents related to any legal proceedings filed in Mexico. Defendants filed no objections to this request. Defendants produced documents filed in 2004 and 2005.

At some point thereafter, Plaintiffs became aware of additional filings in the Mexican Courts that were made in September and October 2007. On March 18, 2008, Plaintiffs sent Defendants a letter asking them to produce these documents; the letter explained that the documents were relevant to the Motion to Reconsider pending before the Court at that time. Defendants did not produce the documents, and Plaintiffs did not move the Court to compel production of the documents at that time.

At another unspecified time thereafter, Plaintiffs discovered additional filings made in the Mexican Courts. These filings and/or decisions were made on February 1, 2008, February 18, 2008, February 25, 2008, April 1, 2008, and May 27, 2008. On July 1, 2008, Plaintiffs asked Defendants in writing to produce the documents, and Defendants failed to do so.

## II.    ANALYSIS

Plaintiffs argue that this Court should compel production of the filings in the Mexican case and should sanction Defendants for their failure to do so. While Defendants argue that the filings and rulings are public documents that Plaintiffs can access themselves, Plaintiffs claim that this is not true. Plaintiffs contend that they need the documents because they directly relate to a future Fifth Circuit appeal relating to subject matter jurisdiction. Defendants argue, on the other hand, that Plaintiffs' Motion is untimely given that the discovery deadline and motions deadline in this case has passed and a bench trial and subsequent briefing has been completed.

Federal Rule of Civil Procedure 37 does not set any deadline for a Motion to Compel. FED. R. CIV. P. 37. Rule 16(b), however, requires the Court to enter a scheduling order setting deadlines for, *inter alia*, the filing of motions and completion of discovery. FED. R. CIV. P. 16(b). In this case, both the discovery deadline and the motions deadline was set for January 2008, though the Court did allow some limited discovery and extensive additional briefing after those deadlines. Some courts have considered motions to compel untimely if they do not fall within the discovery deadline, while others have considered them timely as long as they are filed by the motions deadline. *See Days Inn Worldwide, Inc. v. Sonia Investments*, No. 3:04-CV-2278-D, 237 F.R.D. 395, 396-99 (N.D. Tex. July 17, 2006) (collecting cases). The district court has discretion to interpret its scheduling order. *Id.* After a thorough review of the case law in a number of circuits on this matter, the court in *Days Inn* determined that courts consider a number

3

of factors when determining whether a Motion to Compel filed after a discovery deadline is untimely or should be permitted, including:

> (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule.

*Id.* at 398.

In this case, most of these factors militate in favor of a finding that Plaintiffs' Motion to Compel is untimely. Admittedly, Defendants have not justified their failure to comply with Plaintiffs' requests except to argue that the filings are public information in Mexico.[1] However, many months have passed since the discovery deadline. Plaintiffs were clearly aware of some of the filings in March, and yet failed to move to compel production of the documents at that time.[2] Although the Court did extend the discovery deadline for certain depositions, it did not re-open full discovery after January. Furthermore, this case is almost three years old and has been fully tried and briefed and is ripe for decision. In addition, the question of subject matter jurisdiction was adjudicated twice—once before the Predecessor Court in 2007, and again before this Court in March 2008, and both times, the Court held in favor of Plaintiffs. Finally, Plaintiffs claim they need the documents for appeal to the Fifth Circuit, but generally, an appellate court may not consider new evidence furnished for the first time on appeal.[3] *See, e.g., Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999); *Topalian v. Ehrman*, 954 F.2d 1125, 1132 n. 10 (5th Cir. 1992).

---

[1] Plaintiffs contend that this is not true.
[2] Plaintiffs discovered the existence of the 2007 filings via an internet database. It is not clear exactly when or how Plaintiffs discovered the existence of the 2008 filings.
[3] It is at least conceivable that the Fifth Circuit might under some circumstances, allow such supplementation of the record when considering the question of subject matter jurisdiction. Neither party has briefed this issue, and the Court is not aware of a Fifth Circuit case on point.

The Court has allowed both sides in this case to extend deadlines and file additional briefings, evidence and arguments on multiple occasions.  Under the circumstances, the Court agrees with Defendant that Plaintiff's Motion to Compel is untimely and should be denied.

## III.    CONCLUSION

Plaintiff's Motion to Compel, Doc. No. 293, is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this ____ day of July, 2008.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE